758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lazarus W. Macior, Petitioner-Appellant,
v.
Commissioner of Internal Revenue, Respondent-Appellee.
 No. 84-1577
 United States Court of Appeals, Sixth Circuit.
 2/21/85
 ORDER
 
 1
 BEFORE: LIVELY, Chief Judge; JONES, Circuit Judge; and NEWBLATT, District Judge*.
 
 
 2
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the respective briefs, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Appellant appeals from the Tax Court ruling which denied his petition to reverse an Internal Revenue assessment of tax liability for 1978. In 1978 the appellant was a professor of biology at the University of Akron and also a Roman Catholic priest in the Franciscan Order. The appellee considered appellant's salary from the teaching position taxable income because the salary was received in an individual capacity. The Tax Court sustained a total tax deficiency of $5,447.68. On appeal the appellant contends that pursuant to a solemn vow of poverty, he received the income as an agent for the Franciscan Order, and consequently, the salary is not taxable to him as income. Also, he argues that taxation of the salary violates the free exercise and establishment clauses of the First Amendment.
 
 
 4
 The clearly erroneous standard applies to review of tax court decisions. 26 U.S.C. Sec. 7482; Kaplin Estate, et al., v. Comm. of Int. Rev., No. 82-1842 (6th Cir. Slip Op., Nov. 26, 1984). Normally, the Internal Revenue notice of tax deficiency is presumed correct and the burden is on the taxpayer to prove error. Harris v. Comm. of IRS., No. 83-1463 (6th Cir. Slip Op., Oct. 4, 1984). Upon review of the record in this case, this court finds that the appellant did not carry his burden to show that the tax deficiency is erroneous. The weight of the evidence showed that the appellant received the salary in an individual capacity and did not give any part of the salary to the Franciscan Order. He did not receive his salary as an agent of the Order. Consequently, the Tax Court's decision is not clearly erroneous. Fogarty v. United States, (Ct. Cl. No. 54-82T Nov. 19, 1984); McGahen v. C.I.R., 76 T.C. 468 (1981), aff'd without published opinion, 720 F.2d 664 (3d Cir. 1983); Kelley v. Commissioner, 62 T.C. 131 (1974).
 
 
 5
 Furthermore, the appellant's contentions concerning the First Amendment are without merit. The appellant received the salary in an individual capacity and the payment of income taxes on his earnings will not infringe his religious freedom.
 
 
 6
 Accordingly, the decision of the Tax Court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Stewart A. Newblatt, Judge, United States District Court for the Eastern District of Michigan, sitting by designation